"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES F. PUNCEL,

Plaintiff,

v.

JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. ED CV 05-392 AN

MEMORANDUM AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is denied, and the Commissioner's request for an order affirming her final decision is granted.

Plaintiff first filed an application for SSI on April 21, 1998. [Administrative Record ("AR") at 16.] That application was denied initially on May 12, 1998, and on

reconsideration on December 16, 1998. [AR at 16.] Plaintiff filed a second application for SSI on November 19, 1999. [AR at 16.] In a decision dated March 23, 2001, Administrative Law Judge Philip J. Simon ("ALJ Simon") found that, although Plaintiff did not suffer from a severe mental impairment, Plaintiff was not able to perform even sedentary work from July 8, 1999 through December 31, 2000. [AR at 16, 292-96.] Therefore, ALJ Simon determined that Plaintiff was disabled and entitled to SSI for a closed period from July 8, 1999, through December 31, 2000, but not thereafter. [AR at 294.] Plaintiff filed his present application for SSI on June 23, 2001. [AR at 16, 329-41.] That application was denied at the initial level and after a hearing before Administrative Law Judge Richard A. Urbin ("ALJ Urbin"). [AR at 16-30, 298-302, 807-62.] The Appeals Council denied review on April 5, 2005. [AR at 9-11.]

Additional background facts are familiar to both parties and Plaintiff has stipulated that the decision of ALJ Urbin fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in his contentions.

In the JS, Plaintiff claims ALJ Urbin: (1) failed to properly consider the opinion of Maria Hernandez, M.D., and a Global Assessment of Functioning ("GAF") score assessed by a Los Angeles County Department of Mental Health ("LACDMH") physician; (2) failed to properly consider the statements of his sister; and (3) posed an incomplete hypothetical question to the vocational expert. The Commissioner disagrees.

The opinions of Dr. Hernandez and the LACDMH physician pertain to a period of alleged disability that was previously adjudicated. [AR at 185, 234-38.] For example, Dr. Hernandez's opinion addresses Plaintiff's mental condition and treatment received from August 1997 through July 1998. [AR at 234-38.] The LACDMH physician opinion assessing Plaintiff with a GAF score of 50[1/] is dated September 7, 1997. [AR at 185.]

---

[1/] A GAF rating of 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting), or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders (DSM-IV)

(continued...)

However, the Commissioner had already issued final decisions regarding Plaintiff's claim of disability through December 31, 2000. [AR at 16, 292-96, 300.] While Plaintiff's current application for benefits alleges an onset of disability date of July 8, 1998, ALJ Urbin explicitly declined to reopen the previous determinations, finding that the issue of disability through December 2000 was *res judicata*. [AR at 17, 292.] ALJ Urbin's conclusion was correct.

The principles of *res judicata* apply to administrative decisions. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566, 568 (9th Cir. 1983) (prior determination given *res judicata* effect through date of decision); *see also* 20 C.F.R. § 416.1457(c)(1)(ALJ may dismiss hearing request or refuse to consider one or more issue(s) on *res judicata* grounds). The doctrine may be invoked to bar a claim that has already been finally decided, unless its application would "contravene an overriding public policy or result in manifest injustice." *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir. 1982); *see also Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Here, the decisions denying Plaintiff's first application for SSI became binding when it was not appealed beyond the reconsideration level. *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985) (holding that *res judicata* applies to findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision."). ALJ Simon's decision finding that Plaintiff did not suffer from a severe mental impairment became binding when Plaintiff did not seek review by the Appeals Council. Consequently, the prior determinations addressing Plaintiff's claim of disability are binding for the period through December 31, 2000. *Chavez*, 844 F.2d at 693.

Further, a claimant applying for SSI may not receive payments for the period predating the month in which he applies for benefits. 20 C.F.R. § 416.335. Here,

---

[1] (...continued)
32 (4th ed. rev. 2000).

Plaintiff did not apply for SSI until June 2001. [AR at 16, 329-41.] Thus, Dr. Hernandez's opinion and the LACDM physician's GAF assessment are irrelevant to Plaintiff's current application for benefits.

Equally without merit is Plaintiff's contention that ALJ Urbin erred in failing to discuss the opinion of his sister, Ann Marie Rodgers. In December 1999 and January 2000, Ms. Rodgers completed third party daily activities questionnaires in which she described Plaintiff's mental condition. [AR at 71, 110.] Ms. Rodgers' statements, like the opinions of Dr. Hernandez and the LACDMH physician, do not pertain to the period at issue in this case. Therefore, the ALJ did not err in failing to discuss Ms. Rodgers' opinion in the decision. [AR at 17]; *Chavez*, 844 F.2d at 693.

Finally, Plaintiff contends that ALJ Urbin erred by failing to incorporate limitations assessed by Dr. Hernandez, the LACDMH physician, and Ms. Rodgers in the hypothetical questions posed to the vocational expert. As stated above, however, ALJ Urbin properly chose to disregard these opinions because they pertained to the issue of disability resolved by the previous final and binding decisions. Therefore, ALJ Urbin did not err by omitting the restrictions identified by Dr. Hernandez, the LACDMH physician, and Ms. Rodgers from the hypothetical questions. *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989)(hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations the ALJ finds to exist); *Martinez v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986)(explaining that the ALJ is "free to accept or reject these restrictions . . . as long as they are supported by substantial evidence").

## II. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the

Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: April 18, 2006

/s/ Arthur Nakazato
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE